IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 30 2013
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

| | | |
|---|---|---|
| GEORGE MICHAEL WALL, | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 4:11-CV-883-A |
| ALCON LABORATORIES, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION
### and
### ORDER

During the pretrial conference held in this action on January 7, 2013, the court granted a substantial portion of the motion for summary judgment filed by defendants, Alcon Laboratories, Inc. ("Alcon"), Alcon Supplemental Executive Retirement Plan, and Alcon Laboratories Inc. Severance Pay Plan, and dismissed all claims and causes of action brought by plaintiff, George Michael Wall, against all defendants with the exception of plaintiff's claim against Alcon for Restricted Stock Units ("RSUs") and Stock Appreciation Rights ("SARs"). In an order signed January 7, 2013, the court informed plaintiff of its tentative conclusion that summary judgment might be warranted for Alcon on that claim based on plaintiff's apparent failure to comply with the requirement that he give written notice of a condition causing "[a] material diminution in the Participant's

authority, duties, or responsibilities" sufficient to allow Alcon at least thirty days to remedy the condition. App. to Pl.'s Resp. to Defs.' Mot. for Summ. J. ("Pl.'s App. I") at 311. However, before making a final determination, the court gave plaintiff an opportunity to provide argument and authorities, as well as evidence, on that issue, and gave Alcon an opportunity to respond. Having now reviewed the parties' supplemental filings, as well as all of the parties' filings pertaining to the motion for summary judgment and the summary judgment record, the court concludes that summary judgment for Alcon is warranted on plaintiff's claim for RSUs and SARs.

I.

Grounds for Summary Judgment

As discussed, the court previously reached the tentative conclusion that plaintiff failed timely to provide the required written notice to Alcon. Additionally, Alcon argued in the motion for summary judgment that the two conditions plaintiff claims gave him "good reason" to retire had "only a modest and tangential impact, if any," on plaintiff's employment and thus could not constitute a material diminution of plaintiff's job responsibilities, authorities, or duties. Defs.' Br. in Supp. of Mot. for Summ. J. at 44. Having now considered all of the parties' filings and the summary judgment record, the court is

persuaded that this ground also has merit.

II.

Pertinent Facts

The award of RSUs and SARs is governed by multiple documents; of primary concern here is the 2009 Restricted Stock Unit Award Agreement ("2009 Agreement"). Under the pertinent provision of the 2009 Agreement, all RSUs granted to a participant will vest if the participant terminates his or her employment "with Good Reason." App. to Pl.'s Supplemental Resp. to Defs.' Mot. for Summ. J. Related to RSUs ("Pl.'s App. II") at 4. As relevant here, "Good Reason" under the 2009 Agreement is considered "[a] material diminution in the Participant's authority, duties, or responsibilities." Id. Upon occurrence of such a condition, the 2009 Agreement further required that

> [t]he Participant must provide written notice to the Company . . . of the existence of one or more of these enumerated conditions within 90 days after the existence of the condition. The Company or successor will have at least 30 days following its receipt of such notice to remedy the condition and thus eliminate the Good Reason.

Id.

In an email dated November 23, 2010, plaintiff informed his supervisor, Dr. David Stroman ("Stroman"), that he intended to retire on December 31, 2010, for "good reason." Def. Alcon's App. in Supp. of Supplemental Reply to Defs.' Mot. for Summ. J.

3

Related to RSUs ("Def.'s App.") at 183. The email did not elaborate on plaintiff's purported "good reason," but it did indicate that plaintiff's last work day would be December 17, 2010.

On December 1, 2010, in a letter to Alcon's general counsel, plaintiff announced his retirement from the company for "good reason." Id. at 184. Attached to the letter were appendices, including "Appendix 1--Justification of Wall's Retirement Based on 'Good Reason'" ("Appendix 1"). Id. at 187. In Appendix 1, plaintiff included a litany of complaints that he believed constituted "good reason" for his retirement. Of those, only two potential "good reasons" remain at issue in this action: (1) plaintiff was removed as project leader of the Finafloxacin project in favor of a vice-president, Dr. Alani ("Alani"); and, (2) plaintiff claims he was prohibited from publishing a paper with an expert in otolaryngology in support of a product plaintiff helped develop.

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ.

4

P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. <u>Id.</u> at 324. <u>See also</u> Fed. R. Civ. P. 56(c). To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574,

587, 597 (1986). See also <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969), <u>overruled on other grounds</u>, <u>Gautreaux v. Scurlock Marine, Inc.</u>, 107 F.3d 331 (5th Cir. 1997) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

## IV.

### Analysis

A. <u>Plaintiff Failed to Provide Adequate Written Notice</u>

Plaintiff contends that he complied with the 2009 Agreement by giving written notice of the two "good reasons" in his December 1, 2010 letter to Alcon's in-house counsel wherein he also announced his retirement. Plaintiff also claims, however, that Alcon was put on notice of his "good reasons" on November 4, 2010, because on that date he discussed his "good reasons" with Alcon's human resources representative, Vickie Stamp ("Stamp"), thus giving the requisite thirty days' notice. Plaintiff contends that despite this notice, Alcon made no effort to remedy his complaints.

The problem with plaintiff's argument is found in the language of the 2009 Agreement requiring "written notice" that affords Alcon "30 days following its receipt of such [written] notice" to attempt to remedy the conditions. Pl.'s App. II at 4.

Plaintiff does not contend that he gave Stamp written notice of his "good reasons" during the November 4, 2010 meeting. Consequently, whether or not Alcon had notice of plaintiff's complaints in November 2010, as plaintiff contends, is immaterial under the terms of the 2009 Agreement.

Nor did plaintiff's December 1, 2010 written notice satisfy the requirement that he give Alcon thirty days to attempt to remedy the conditions. Abundant evidence in the summary judgment record shows that plaintiff intended December 17, 2010, to be his last day at work. Plaintiff communicated this intent to Stroman, Stamp, and others. The summary judgment record makes clear that plaintiff had no intention of returning to work after December 17, 2010. This effectively gave Alcon seventeen days following its receipt of plaintiff's written notice to attempt to remedy the condition, rather than the thirty days anticipated by the 2009 Agreement.

Moreover, it appears that any such effort by Alcon would have been futile, as the evidence also shows that on November 20, 2010, plaintiff accepted an offer of employment with a company called Otonomy, and that he began his employment with Otonomy on January 1, 2011. At the time plaintiff gave his written notice, he had already made the decision to leave Alcon for other employment. Although plaintiff contends that Alcon had

previously attempted to persuade employees to stay with the company even after they gave notice of intent to leave, he directs the court to no summary judgment evidence showing that he would have rescinded his retirement and rejected the employment offer from Otonomy had Alcon made such an effort.

Considering all of the foregoing, the summary judgment evidence shows that plaintiff's notice was not given in a manner that afforded Alcon thirty days to remedy the conditions and eliminate the "good reasons." Plaintiff therefore failed to give the written notice contemplated by the 2009 Agreement, and summary judgment is warranted for Alcon on that basis.

B. <u>No Material Diminution in Plaintiff's Authority, Duties, or Responsibilities</u>

The court has also concluded that summary judgment is warranted for Alcon on the ground raised in Alcon's motion for summary judgment: that plaintiff has failed to establish a material diminution in his authority, duties, or responsibilities.

    1. <u>Removal as Project Leader of the Finafloxacin Project</u>

Plaintiff claims that during the first week of October 2010, Alani informed him that she was taking over plaintiff's role as project leader for the Finafloxacin project. Alani also informed plaintiff that he would continue to do all of the work for the

project except formulation, which Alani would manage. In plaintiff's view, even though he was not completely removed from the project, being demoted from project leader constituted a material diminution of his authority, duties, or responsibilities.

The summary judgment evidence fails to support plaintiff's contention. Plaintiff does not dispute that he continued to work on the Finafloxacin project, even though he was no longer project manager or in charge of the formulation aspect of the project. The record reflects that on plaintiff's 2010 performance review, the Finafloxacin project constituted only twenty percent of plaintiff's annual performance objectives. Thus, the true nature of plaintiff's complaint appears to be that he was relieved of one aspect of one project that constituted only a small fraction of his overall job duties and responsibilities. The court concludes that no rational trier of fact could find that being removed as project leader of the Finafloxacin project materially diminished plaintiff's authority, duties, or responsibilities.

2. <u>Plaintiff's Inability to Publish a Scientific Paper</u>

Plaintiff believes that not being permitted to publish a scientific paper with an otolaryngology expert also constituted a material diminution in his authority, duties, or responsibilities. However sincere plaintiff's belief, it finds

9

no support in the summary judgment record, as there is no evidence that publishing such papers was required of someone in plaintiff's position.

Stroman, plaintiff's supervisor, testified in his declaration that publishing scientific articles was not required of someone in plaintiff's position. Plaintiff also admitted he knew of "nothing that requires [him] to publish." Pl.'s App. I at 59. Publishing articles was not a requirement found in plaintiff's job descriptions, nor did plaintiff's performance reviews evaluate whether or not he had published papers. Further, plaintiff admitted that Alcon "did not say [he] couldn't publish whatsoever." Id. at 58. Rather, his complaint appears to concern being "hindered" from publishing the paper with the otolaryngology expert. Def.'s App. at 188.

Although plaintiff persists in his contention that publishing was an important part of his work, the failure of Alcon to include publishing as a requirement in plaintiff's job descriptions or to consider it in his performance evaluations leads to the conclusion that it was not a material part of plaintiff's duties or responsibilities. Stated differently, because publishing was neither included in plaintiff's job description nor evaluated during his performance reviews, no rational trier of fact could conclude that Alcon's refusal to

10

allow plaintiff to publish a paper constituted a "material diminution" in plaintiff's authority, duties, or responsibilities.

* * * *

As previously discussed, the standard for granting a motion for summary judgment "mirrors the standard for a directed verdict," which is that "the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250. And "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper." Boeing Co., 411 F.2d at 374. The court is satisfied that the only reasonable conclusion a fact finder could reach here is that plaintiff did not experience a "material diminution" in his authority, responsibilities, or duties as a result of the two events discussed herein. Reasonable men could not arrive at a contrary verdict. Accordingly, summary judgment is warranted for Alcon on that issue as a matter of law.

V.

Order

Therefore,

The court ORDERS that Alcon's motion for summary judgment be, and is hereby, granted, as to plaintiff's claim for RSUs and SARs.

The court further ORDERS that all claims and causes of action asserted by plaintiff against Alcon be, and are hereby, dismissed with prejudice.

SIGNED January 30, 2013.

_____
JOHN McBRYDE
United States District Judge